# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 17, 2013 Session

## STATE OF TENNESSEE v. JEROME TEATS

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-2955   Steve R. Dozier, Judge**

_____

**No. M2012-01232-CCA-R3-CD - Filed January 10, 2014**

_____

JOSEPH M. TIPTON, P.J., dissenting.

I respectfully dissent from the result reached by the majority. First, I believe the trial court's ruling regarding the admissibility of the Defendant's statements is insufficient for us to conduct a proper review of the suppression issue. Second, I believe that the Defendant was entitled to a jury instruction regarding kidnapping pursuant to State v. White, 362 S.W.3d 559 (Tenn. 2012), and that the failure to give the instruction constitutes reversible error.

The Defendant sought to suppress the statements he made to the police. The testimony recounted in the majority opinion reflects opposing assertions about the statements' surrounding circumstances. Also, an expert testified about the Defendant's mental and related physical states, raising questions about whether the Defendant knowingly and voluntarily waived his right to remain silent. Unfortunately, the trial court made no findings of fact resolving the various contentions. In this regard, the majority opinion takes the interesting route of inferring findings from the trial court's ultimate decision, then applying to those findings a presumption of correctness that is given to a trial court's findings. I cannot accept this process.

Pursuant to Tennessee Criminal Procedure Rule 12(e), when decisions in motion hearings involve factual issues, "the court shall state its essential findings on the record." The failure to make findings may require remanding the case for entry of such findings. See, e.g., State v. Cornell Norton, No. M2009-01359-CCA-R3-CD (Tenn. Crim. App. Nov. 24, 2010); State v. Anthony E. Collier, No. M1999-01408-CCA-R3-CD (Tenn. Crim. App. Mar. 28, 2001); State v. Alonzo Gentry, No. 02C01-9708-CC-00335 (Tenn. Crim. App. July 2, 1998). The inferences made by my colleagues may be correct, but there may be findings the trial court made that do not readily support its ultimate holding. In any event, it is not our place to "find" facts from contested evidence to support the trial court's rulings.

Regarding the kidnapping instruction, the majority opinion concludes that the instruction provided in White was not needed in this case. It essentially states that the employees who were directed to or held in the hallway/storage room area were not victims of the robbery but of kidnapping and that the Defendant's due process protections first recognized in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), do not extend to moving or detaining multiple persons in order to commit a single robbery. In Anthony, our supreme court held that due process was implicated when the elements of kidnapping were incidental to another felony, such as robbery, rape, or assault, which was obviously the intended goal of the offender. It kept the focus on the underlying felony. This was true even though Anthony involved moving three employees from outside to inside the restaurant where the defendant took money. In the present case, the employees were essentially held inside the restaurant.

I do not believe the legislature intended robbers to be prosecuted as kidnappers. Understanding that, according to Anthony, the legislature contemplated that an aggravated robbery carries its own punishment and does not inherently include committing kidnapping, it is significant to note that an aggravated robbery (involving a deadly weapon) is a Class B felony while an especially aggravated kidnapping (involving a deadly weapon) is a Class A felony. This would indicate that the especially aggravated kidnapping contemplated by the legislature is more serious than that involved in an aggravated robbery. Unquestionably, the employees were being held in order for a robbery to take place. Under Anthony, the Defendant's crime would be robbery.

A springboard for the majority opinion's analysis is its implicit conclusion that White essentially overruled Anthony in all respects. I do not believe that occurred. Although the supreme court altered in White how the question of whether a kidnapping is incidental to another felony is to be resolved, it did not alter the rationale in Anthony regarding the circumstances in which the due process protection arises.

I understand and agree with the majority opinion's concern that stopping at aggravated robbery when multiple people are subjected to the danger should be reconsidered. Where I differ is that in line with the central purpose of an aggravated robbery, the more appropriate offenses being perpetrated on the other employees are aggravated assaults (involving a deadly weapon), not kidnappings. In this sense, for example, if three employees are behind the counter when the armed robber receives money from the cash register, it is strange to say two are suffering especially aggravated kidnappings, Class A felonies, when the targeted employee handing over the money is subjected to an aggravated robbery, a Class B felony. Likewise, holding two of the employees in the hallway next to the room containing the money is still focused on the aggravated robbery as the crime, as was contemplated in

Anthony. Again, I would say the danger for the two employees should be aggravated assault, not kidnapping.

In any event, where the employees are and how they relate to the aggravated robbery are matters that I believe may implicate the Defendant's due process protections relative to the crime of kidnapping. As such, under White, it is up to the jury to decide what crime exists under appropriate instructions. I would reverse the especially aggravated kidnapping convictions and remand the case for a new trial.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE